O'CONNOR et al. v. ARNOLD et al.

No. 21262. Opinion Filed March 15, 1932.

George H. Giddings, for plaintiffs in error.

Jones & Clift, for defendants in error.

CLARK, V. C. J. This is an action commenced in the district court of Oklahoma county by defendants in error herein, Margaret Arnold, nee O'Connor, and Pauline Thurston, nee O'Connor, against M. J. O'-Connor, their father, P. T. McAuliffe and Richard McAuliffe, husband and son, respectively, of their deceased sister, Mary McAuliffe. nee O'Connor, for possession of the lands set out in the petition, and for a decree adjudging the plaintiffs to be the sole survivors under a trust deed executed and delivered by plaintiffs' mother, Ellen O'Connor, on the 20th day of September, 1910, to the defendant M. J. O'Connor, husband of Ellen O'Connor and father of the plaintiffs, and prayed that the trustee, M. J. O'Connor, be required and compelled to convey to the plaintiffs by warranty deed, the said property.

After the filing of the petition of plaintiffs, one Grace O'Connor filed in said cause a plea of intervention wherein she alleged she was now the wife of M. J. O'Connor, and the mother of six children by him, and that the said M. J. O'Connor was the owner of one-half interest in the lands described in the petition and that she had filed suit for divorce against the said M. J. O'Connor; and alleged the claim of plaintiffs was unjust and that pretended deed of trust is void on its face and contains no beneficiaries able to take title. Prayed that the deed be declared void and that the cause be dismissed.

Thereafter, the plaintiffs filed supplemental petition, making Grace O'Connor and W. A. Cooper additional parties defendant; alleging that they claimed some right, title, and interest in the real estate involved in this action and prayed that the said defendants, Grace O'Connor and W. A. Cooper, be declared to have no right, title, or interest therein.

Thereafter, an order appointing a guardian ad litem for the defendant Richard McAuliffe, a minor, was made and entered.

Thereafter, separate answer was filed by Richard McAuliffe, a minor, by his guardian ad litem by way of general denial; further alleged that he was the only surviving child of Mary McAuliffe, one of the beneficiaries named in the trust deed, and entitled to his distributive share in said real estate.

Separate answer of defendant P. T. McAuliffe was filed in said cause by way of general denial; alleged he was the surviving husband of Mary McAuliffe, one of the beneficiaries named in the trust deed, and entitled to his distributive share in the said real estate.

Separate answer of defendant Grace O'-Connor was filed in said cause by way of general denial, and further denied that plaintiffs were the beneficiaries described in the pretended trust deed, and alleged that the deed of trust is void and of no effect.

The plaintiffs filed reply by way of general denial to the plea of intervention of the defendant Grace O'Connor. The defendant M. J. O'Connor did not file any pleadings in said cause.

Upon the trial of said cause, the same was submitted to the court upon agreed statement of facts and stipulations, to wit:

"Mr. Clift: It is hereby stipulated by and between the plaintiffs and defendants as follows:

"That Ellen O'Connor died intestate in the state of Colorado on or about the 11th

day of November, 1910; that at the time of her death she left surviving her, as her sole and only heirs at law and next of kin, her husband, M. J. O'Connor, one of the defendants herein, and four children, namely, Mary O'Connor, Anna O'Connor, Margaret O'Connor, now Margaret Arnold, and Pauline O'Connor, now Pauline Thurston; that the defendant Richard McAuliffe is a minor and appears in this cause by his guardian ad litem, his father, P. T. McAuliffe; that Richard McAuliffe was and is the son of Mary O'Connor, who later married P. T. McAuliffe.

"The Court: Is she now dead?

"Mr. Clift: Yes. That Mary O'Connor, or Mary McAuliffe, died intestate in the state of Oklahoma on the 28th day of December, 1921, being then twenty-seven years of age, leaving as her sole and only hears at law the defendant P. T. McAuliffe, her husband, and the defendant Richard McAuliffe, a minor and one of the defendants; that Anna O'Connor, one of the children of Ellen O'-Connor, died September 1, 1923, being at the time of her death sixteen years of age; that at the time of the death of Anna O'-Connor all of the children of Ellen O'Connor were more than eighteen years of age.

"It is further stipulated that on the 20th day of September, 1910, the said Ellen O'-Connor, wife of the defendant M. J. O'Connor, executed in the state of Colorado a certain deed, conveying to M. J. O'Connor the following described real estate situated in Oklahoma county, Oklahoma, to wit: The southwest quarter of section 29, township 14 north, range 4 west, and delivered said deed to the defendant M. J. O'Connor, who placed the same of record in the office of the county clerk of Oklahoma county, Oklahoma, which deed is recorded in Book 122. at page 165, a copy of which deed is attached to the plaintiffs' petition here.

"It is further agreed that at all times since the execution of said deed, the defendant M. J. O'Connor has had possession of the real estate involved in this action and has received the rents and profits arising therefrom, and that the plaintiffs, Margaret Arnold and Pauline Thurston, and the defendants P. T. McAuliffe and Richard McAuliffe have never had possession of said premises and have never received any of the rents and profits arising therefrom.

"It is further agreed that the original deed of trust from Ellen O'Connor to the defendant M. J. O'Connor is produced herewith, marked Exhibit A and introduced in evidence in this case.

"It is further stipulated and agreed that the plaintiffs herein had no knowledge of the existence of the deed introduced herein as Exhibit A, until about the middle of March, 1929.

"Mr. Giddings: We are not pleading limitations.

"Mr. Clift: I didn't think it could come up, but then we want it in."

The trust deed set out as exhibit to plaintiffs' petition and introduced with the stipulations reads as follows:

"This deed, made this 20th day of September, in the year of our Lord one thousand nine hundred and ten between Ellen O'Connor of the County of El Paso, and State of Colorado, party of the first part, and M. J. O'Connor of the County of El Paso, and State of Colorado, of the second part:

"Witnesseth, that the said party of the first part, for and in consideration of the sum of one dollar and other valuable consideration to the said party of the first part in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey and confirm unto the said party of the second part, his heirs and assigns, all the following described lot or parcel of land, situated, lying and being in the County of Oklahoma, and State of Oklahoma, to wit: The southwest quarter of section 29, township 14. range 4 west, in the County of Oklahoma and State of Oklahoma.

"Together with all and singular the hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, claim and demand whatsoever of the said party of the first part, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances.

"To have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, his heirs and assigns, in trust however, until the youngest of my children, to wit: Mary O'Connor, Margaret O'Connor, Pauline O'Connor and Anna O'Connor, then living, shall have arrived at the age of 18 years, at which time the above described property shall become the sole and separate property of the survivors of my 4 children above named, and their heirs and assigns forever; and the party of the second part by accepting this deed and in consideration of the covenants and agreements herein contained. and in consideration of his being granted the rents and profits accruing from the above described property, does hereby agree that he will convey the said above described property, by good and sufficient warranty deed, if the same has not been transferred in the meantime in accordance with the provisions in the succeeding paragraph. to the survivors of my children above named, at the time my youngest child above

named shall have arrived at the age of 18 years.

"Provided, however, that the party of the second part shall have and he is hereby granted the power to grant, bargain, sell and convey the above described property, if in his judgment it shall be for the best interest of all concerned so to do, and to invest the proceeds of the sale of said above described property in such a manner as his judgment shall direct, for the use of the children above named, and in that event the principal sum of the proceeds, or the property that the said proceeds shall be invested in, shall be divided equally between the children above named, or the survivors of said children, at the time the youngest thereof shall have arrived at the age of 18 years.

"Provided further that the rents and profits of the above described land, or any lands the proceeds shall be invested in, and the interest on the proceeds if the same is sold, shall be the sole and separate property of the grantee herein until the youngest child above named then surviving, shall have arrived at the age of 18 years.

"Provided further that in the event of the death of the grantee herein before the expiration of the time above set forth, then and in that event the property above described, or the proceeds of the sale of the same, in case it is sold, shall become the sole and separate property of the survivors of the children above named.

"Provided further that in the event that none of my children above named shall live to arrive at the age of 18 years, then the property herein and hereby conveyed, and any and all proceeds from the sale of the said property shall become the sole and separate property of the grantee herein.

"And the said party of the first part, for herself, her heirs, executors and administrators, does covenant, grant, bargain, and agree to and with the said party of the second part. his heirs, and assigns, that at the time of the unsealing and delivery of these presents, she is well seized of the premises above conveyed, as of good, sure, perfect, absolute and indefeasible estate of inheritance, in law, in fee simple, and has good right, full power and lawful authority to grant, bargain, sell and convey the same, in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments, and incumbrances of whatever kind and nature soever; and the above bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs and assigns. subject to the provisions above set forth, against all and every person or persons lawfully claiming or to claim the whole or any part hereof. the said party of the first part shall and will warrant and forever defend.

"In witness whereof, the said party of the first part has hereunto set her hand and seal the day and year first above written.

"Ellen O'Connor.    (Seal)"

Which was duly acknowledged and filed for record.

Thereupon the defendants Grace O'Connor, P. T. McAuliffe, and Richard McAuliffe, and M. J. O'Connor interposed demurrers to the evidence on the grounds that plaintiffs had no cause of action, and no interest in the property. The defendants elected to stand on their demurrers and the court took the case under advisement, and thereafter rendered judgment for the plaintiffs for possession of the lands described in the petition, decreeing that their title is superior to the right or interest claimed by the defendants or either of them, and that the defendants have no right, title, or interest in the real estate. Quieted the title in plaintiffs and ordered that defendant M. J. O'Connor convey said real estate to plaintiffs and upon failure so to do within 10 days that the decree shall operate as such conveyance. To which judgment the defendants M. J. O'Connor, Grace O'Connor, Richard McAuliffe, and P. T. McAuliffe excepted and gave notice of appeal in open court.

The defendants Grace O'Connor, M. J. O'Connor, Richard McAuliffe, and P. T. McAuliffe filed motions for a new trial, which were overruled by the court, and the defendants bring the cause here for review.

For convenience the parties will be designated plaintiffs and defendants, as they appeared in the trial court.

Plaintiffs in error set out the following assignments of error:

"(1) The Honorable District Judge erred in rendering judgment for the plaintiffs herein.

"(2) The Honorable District Judge erred in overruling the motion for new trial.

"(3) The Honorable District Judge erred in rendering judgment in this case for the plaintiffs, and in his legal conclusion that the deed of trust was still in effect, and in holding that the plaintiffs were the owners of the land in controversy, as beneficiaries under said deed of trust, because the youngest child referred to in said deed of trust died before the estate vested in the beneficiaries, and title to the land at the time of her death reverted to the heirs of the grantor in said trust deed, as the purposes of the trust deed failed, and the trust deed ceased, and title so vested in said heirs, and not in the plaintiffs.

"(4) The Honorable District Judge erred in holding that the defendants in error were the sole beneficiaries under the said deed of trust, and in holding that the minor defendant, Richard McAuliffe, was not one of the beneficiaries under said deed of trust, because, assuming that said deed of trust was still in effect, the undisputed facts show that Richard McAuliffe is the son of one of the four children referred to in the said deed of trust, and one of the beneficiaries therein, and entitled to recover his proportional part of said estate.

"(5) The Honorable District Court erred in rendering judgment for the plaintiffs for all the land sued for under said pretended deed of trust, and in not distributing said land among the heirs of the said grantor under the laws of descent and distribution, according to the laws of the state of Oklahoma."

The plaintiffs in error contend, and with which contention the defendants in error agree, that the interest of the beneficiaries named in the trust deed was a contingent remainder.

We are of the opinion that the deed in question very plainly and clearly vested the title to the property in the grantee, together with the possession, rents and profits derived therefrom, with the power to sell and dispose thereof, subject to a contingent remainder interest in the property, or the proceeds from the sale thereof, in the beneficiaries named in the deed, or the survivors of the beneficiaries therein named.

"A court of equity will look at the real object of a deed and the intention of the parties, and will compel the fulfillment of both, and, if possible, the intention of the grantor will be gathered from the whole instrument." Rogers et al. v. Kinney et al., 122 Okla. 73, 250 Pac. 890, and cases therein cited.

We are of the further opinion that it was clearly the intention of the grantor to vest the title to said property in the grantee forever in the event that none of the beneficiaries therein named lived to arrive at the age of 18 years, which provision reads as follows:

"Provided further that in the event that none of my children above named shall live to arrive at the age of 18 years, then the property herein and hereby conveyed, and any and all proceeds from the sale thereof, said property shall become the sole and separate property of the grantee herein."

In the habendum provision in the deed we find the following contingency:

"To have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, his heirs and assigns, in trust however, until the youngest of my children, to wit: Mary O'Connor, Margaret O'Connor, Pauline O'Connor and Anna O'Connor, then living, shall have arrived at the age of 18 years, at which time the above described property shall become the sole and separate property of the survivors of my 4 children above named, and their heirs and assigns forever."

The agreed statement of facts shows that long after the execution of the deed, and on the 28th day of December, 1921, Mary O'Connor, one of the beneficiaries named in the deed, died, and left surviving her as her sole and only heirs at law her husband, P. T. McAuliffe, and her son, Richard McAuliffe. That thereafter, and on the 1st day of September, 1923, Anna O'Connor, one of the beneficiaries named in said deed, died at the age of 16 years; and that at the time of her death, the two remaining beneficiaries named in said deed, the plaintiffs in this action, were above the age of 18 years.

We cannot agree with the contention of plaintiffs in error that the purpose of the trust failed. After the death of Anna O'Connor the two remaining beneficiaries named in the deed were above the age of 18 years.

"Survivorship," as defined in 37 Cyc., at page 629, is as follows:

"The living of one of two or more persons after the death of the other or others. In relation to property, the condition that exists where a person becomes entitled to property by reason of his having survived another person who had an interest in it."

We are of the opinion that the real object of the deed and the intention of the grantor was that the property, or the proceeds thereof, should go to the four children named as beneficiaries, when the youngest thereof arrived at the age of 18. By the language of the deed the grantor evidently had in mind that all of said children might not be living at the time the youngest of said children arrived at the age of 18; and therefore provided in said deed, after naming the said children,

"then living, shall have arrived at the age of 18 years, at which time the above described property shall become the sole and separate property of the survivors of my 4 children above named, and their heirs and assigns forever."

We do not believe that the grantor intended that the heirs of any deceased named beneficiaries should participate in said property or the proceeds thereof; and that the addition of the phrase, "and their heirs

and assigns forever," meant the heirs and assigns of survivors of the beneficiaries after the title vested in the survivors of the said four children named as beneficiaries, as the deed further provided:

"In the event that none of my children above named shall live to arrive at the age of 18 years, then the property herein * * * shall become the sole and separate property of the grantee."

The intention of the grantor that the survivors of the beneficiaries named in the deed should take the property is also shown by the following provisions in the deed, to wit:

"And in consideration of his being granted the rents and profits accruing from the above described property, does hereby agree that he will convey the said above described property, by good and sufficient warranty deed, if the same has not been transferred in the meantime in accordance with the provisions in the succeeding paragraph, to the survivors of my four children above named, at the time my youngest child above named shall have arrived at the age of 18 years. * * *

"Provided further that in the event of the death of the grantee herein before the expiration of the time above set forth, then and in that event the property above described, or the proceeds of the sale of the same, in case it is sold, shall become the sole and separate property of the survivors of the children above named."

Which last provisions clearly showed the intent of the grantor that the survivors of the four children should take all of the property on the happening of the events specified in the deed.

We are of the opinion that the two plaintiffs are the sole owners of the property in question, and that they were entitled to the same upon the death of Anna O'Connor; the two plaintiffs at that time being the sole survivors of the beneficiaries named in the deed, and both being over the age of 18 years at the time of the death of Anna O'Connor.

Judgment of the trial court affirmed.

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, HEFNER, and CULLISON, JJ., absent.

Note.—See under (1) 8 R. C. L. 1037, 1038; R. C. L. Perm. Supp. p. 2374; R. C. L. Pocket Part, title Deeds, § 93.