**J. E. LANFORD, as Administrator of the Estate of John W. Lanford, Deceased, Plaintiff in Error,**

v.

**Joe W. CORNETT et al., Defendants in Error.**

**No. 41185.**

Supreme Court of Oklahoma.

June 7, 1966.

Garrett & Garrett, Mangum, for plaintiff in error.

Yonne P. McDaniel, Mangum, for Elowise Chambless, John Wesley Chambless, Raymond Melvin Chambless, Pauline Olivia Chambless and Nina Beth Chambless.

Charles C. Callaway, Mangum, for Joe W. Cornett and Ruby Joe Cornett, the same person as Mrs. Joe W. Cornett.

Hicks & Fancher, Hollis, for Clara E. Cornett and A. H. Cornett, Jr., defendants in error.

BERRY, Justice.

Plaintiff in error, plaintiff in the trial court, has appealed from a judgment denying relief in an action brought to cancel certain instruments of conveyance and to quiet title to the land, originally owned

by J. W. Landford, deceased. The interested parties are heirs, next of kin, or persons legally entitled to share in deceased's estate. Plaintiff brought this action claiming title and right to possession of the land involved, and to cancel an agricultural lease and four warranty deeds.

J. W. Lanford, deceased, had been a longtime resident of the county, and resided on one of the farms until 1958, when he moved to Mangum. After surgery and hospitalization, he returned home, and died in July, 1960. In the period between moving from his farm into town and his demise, deceased executed certain instruments and conveyances of his farm property. One instrument was an agricultural lease dated June 23, 1958, upon a quarter section of land, to a grandson for a term of 12 years. The consideration was the usual crop rent arrangement between landlord and tenant.

On October 20, 1959, deceased, joined by his wife, executed four warranty deeds conveying separately described portions of his farm property to certain of his children as grantees, with remainders over to certain children or grandchildren. The conveyances, all drafted by the county judge, were executed and placed of record by grantor the same day. Each instrument contained a mineral reservation and the right to collect rents and revenues in the grantor, and also contained this language: "* * * this grant shall not become absolute as long as J. W. Lanford may live."

On May 14, 1960, grantor executed another warranty deed purporting to convey a life estate to a described 30 acres to the same grantees formerly named, but omitting the grant to the remainderman named originally in the deed executed and filed October 20, 1959, conveying the same property. The trial court decreed that this deed be canceled and held for naught.

Plaintiff's separate causes of action alleged right of possession of the land and attacked the validity of the various instruments by which certain of deceased's children were excluded from sharing in the estate. The action sought to cancel and set aside the conveyances upon grounds of failure of consideration, non-delivery, incompetency of the grantor, and that same were intended as testamentary disposition by grantor and ineffective to pass title because not in compliance with the will statutes.

Appropriate pleadings by the various defendants controverted the material allegations, except for one defendant (deceased's wife) who disclaimed any right in the property other than by inheritance. Plaintiff generally denied matters raised by defendants' separate answers and pleas for alternative relief. The issues formed were tried to the court as an equity case, a jury being waived by stipulation.

Plaintiff's motion for judgment upon the pleadings was overruled, for the stated reason the court was of the opinion the deeds expressed the grantor's intention to convey the interest to the grantees reserving a life estate, and use of the word "absolute" in reserving the life estate was a reference to termination of the life estate. The trial court heard the case, took the matter under advisement, and thereafter filed a memorandum opinion wherein the court made specific findings upon each issue, as the basis for rendering judgment for defendants.

The appeal from the judgment advances two contentions. One claim is that the grantor's reservation in the deeds, above quoted, was an attempt to make testamentary disposition of the property which rendered the conveyances invalid under the will statutes. The argument is that because the grant did not become "absolute" until happening of a future event the conveyance was not unconditional. Plaintiff urges the grantor did not intend the conveyances to be effective until death, and attempted to use language which would permit a subsequent change. And the scrivener having drawn one deed without this clause, plaintiff says a testamentary intent was disclosed and the instruments therefore are invalid and must be canceled.

■ The trial court held the instruments were deeds of conveyance. The general rule is that an instrument which contains a clause reserving the right of absolute control of the property conveyed, and providing the grantees' title becomes absolute only upon the grantor's death, operates as a conveyance. The reason is that the language of the instrument has no effect other than to reserve a life estate in the grantor and the grantee takes present title. The intention of the grantor is the determining factor, and this must be ascertained from the whole instrument, read in the light of surrounding circumstances. 16 Am.Jur., Deeds, § 210; 23 Am.Jur.(2), Deeds, §§ 177–178; 26A C.J.S. Deeds § 208b; annotations 11 A.L.R. 85; 31 A.L.R.2d 556; Nobell v. Town of Beaver, 133 Okl. 247, 271 P. 420.

In White v. Wester, 170 Okl. 250, 39 P.2d 22, relied on by the trial court, the questioned deed contained the clause "to vest in them on and after our death." In that decision, we pointed out that each case must be decided upon its particular facts, and held that the use of such language along with reservation of a life estate showed the grantor's intention to convey in praesenti and the instrument was valid as a deed. The rule in Snodgrass v. Snodgrass, 107 Okl. 140, 231 P. 237, 52 A.L.R. 1213, cited by plaintiff is not controlling, since the result was based principally upon the fact of failure of delivery by the grantor.

■ We are of the opinion the trial court properly held as a matter of law that the questioned instruments were deeds of conveyance. Our holding in Billingslea v. Booker, Okl., 263 P.2d 176, cited by defendants provides further, sound authority for such conclusion. Also see Thoma v. Coats, 205 Okl. 688, 240 P.2d 736.

The principal contention is that the trial court erred in holding plaintiff failed to show grantor lacked sufficient mental capacity to execute the deeds and lease; and that we should reverse the trial court's judgment and hold grantor's lack of mental capacity was established by the clear weight of the creditable evidence.

■ The trial court noted the conflicting nature of the evidence concerning grantor's mental capacity, both before and after execution of the conveyances. We have delineated the nature and extent of matters which must be found in order to invalidate a properly executed deed for lack of mental capacity. Miller v. Folsom, 49 Okl. 74, 149 P. 1185; Tate v. Murphy, 202 Okl. 671, 217 P.2d 177, 18 A.L.R.2d 892. The test is whether the grantor's mental capacity was such that he knew and understood the nature of the act in which engaged. Bellah v. Cooke, Okl., 347 P.2d 794; Grayson v. Brown, 166 Okl. 43, 26 P.2d 204; Scott v. Scott, 131 Okl. 144, 268 P. 245, p. 247.

■ This is an appeal from a judgment in an equity case. In such appeals we will examine the record and weigh the evidence, but will not disturb the trial court's judgment unless clearly against the weight of the evidence. Goldsby v. Juricek, etc., Okl., 403 P.2d 454. This record has been examined carefully and at length. The judgment appealed from is not clearly against the weight of the evidence.

Judgment affirmed.