Van Milton MESSNER, Appellee,

v.

Mable MOOREHEAD, Joan Evans, administratrix of the estate of Velma E. Evans, one and the same person as Velma Evans, deceased, Rosco E. Brillhart, Virgle J. Brillhart, Fern Taft, and Gary Koch, appellants.

No. 67600.

Supreme Court of Oklahoma.

Feb. 27, 1990.

Holcomb & Harkins, by Marcus Holcomb, Buffalo, for appellee.

G.W. Armor, Laverne, for appellants.

DOOLIN, Justice.

The primary issue on certiorari is whether a clause in a warranty deed was ambiguous, and hence constituted a reservation of a one-half non-participating royalty interest in the conveyed real estate. The district court concluded the language of the deed was unambiguous; however, the Court of Appeals reversed and remanded this action. Having previously granted certiorari, we vacate the majority opinion of the appellate court, and reinstate and affirm the district court decree.

On August 31, 1940, Walter J. Brillhart et ux., (Grantors), executed a warranty deed to J.R. McClure, (Grantee), covering a tract of land, to wit, the "West Half of the Southeast Quarter of Section 2, Township 24 North, Range 26 W.I.M., Ellis County, Oklahoma, except an undivided one-fourth interest in the oil, gas and other minerals." The disputed deed contained the following language:

> As further consideration for said premises the *grantee agrees to pay to Walter E. Brillhart, his heirs or assigns, one-half of all monies received from the sale of* the land owners part of *all oil and gas produced from said premises,* under and by virtue of any future oil and gas lease, and to make payment thereof promptly upon receipt each payment by said grantee. *Said payments shall be considered personal property only,* and *it is not the intention of the grantors to reserve any interest in and to the lands*

*conveyed,* or any lien thereon. (Emphasis added.)

Appellee, Van Milton Messner, successor in title to the grantee, filed this action against appellants, the grantors' heirs, to quiet title in himself to an undivided three-fourths interest in the oil, gas, and other minerals underlying the questioned land. Appellants, with executed oil and gas leases covering the questioned real property, counterclaimed alleging grantors' deed was ambiguous. At trial, appellants offered evidence as to the 1940 grantors' intent to reserve a one-half non-participating royalty interest in the property. Appellee contended that the deed had no "apt words" of reservation as required under 16 O.S.1971 § 29, which provides:

> Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words.

Upon consideration of the testimony of both parties' two witnesses, exhibits reflecting both parties' chain of title to a common source, and other documents concerning oil and gas leases on the described real estate, trial court quieted title in petitioner, and denied appellants' counterclaim. The district court found the deed "clear on its face in that it did not constitute a reservation of any interest in the oil, gas and other minerals, particularly a non-participating mineral interest, and that clauses (of the deed) were not in conflict and did not constitute an ambiguity." Appellants appealed.

The Court of Appeals, in a split decision, reversed the district court. In ascertaining the alleged true intent of the parties to the warranty deed, the appellate court held that early scrivners, like those around when the disputed deed was drawn, should not be bound by the same verbal niceties as today. The court reasoned that "neither the lawyers drafting the instruments nor judges rendering the decisions had a clear understanding of the nature of severed mineral interests." Scribner, *Reservations*

*in Warranty Deeds,* 54 Okl. B.J. 2005, 2006 (1983). The majority concluded that grantors had used appropriate words expressing an intent to reserve a one-half interest in all royalties collected, that is, grantors reserved a non-participating royalty interest in themselves and their successors. Consequently, the appellate court remanded the cause with instructions to enter judgment for appellants.

The lone dissenter reiterated that grantors failed to use any *"apt words of reservation"* which would indicate an intention to carve out any mineral interest in the conveyance. *Westcott v. Bozarth,* 202 Okl. 149, 211 P.2d 258 (1949); *Whitman v. Harrison,* 327 P.2d 680 (Okl.1958). The dissent suggests that the majority opinion results in judicial eradication of § 29, because grantors' own language specifically disavowed their intent to reserve any interest in the conveyance:

> The language preceding the alleged reservation states 'as further consideration for said premises.' The word 'premises' obviously refers to the West Half (W½) of the Southeast Quarter (SE¼) of Section 2 which appears in the preceding sentence. In other words, the grantor recognizes the entire premises are being conveyed to the grantee. This is further supported by the last sentence of the granting clause which states 'It is not the intention of the grantors to reserve any interest in and to the lands conveyed, or any lien thereon.' Moreover, at the time the lands were being conveyed there is no evidence there were any accrued revenues due. Under Oklahoma law, unaccrued royalties are real property. *McCully v. McCully,* 184 Okla. 264, 86 P.2d 786 (1939). The deed expressly states that the 'payments shall be considered personal property only.'

The dissent further observed the majority opinion, contrary to the cardinal rules of construction, 1) disregarded the express language found in the deed by considering parol and extrinsic evidence; 2) failed to follow settled precedent decided nine years

prior to the deed under scrunity; See *Echolustee Oil Co. v. Johnson,* 153 Okl. 92, 3 P.2d 227 (1931), and 3) reforms the deed's reference to the payments being personal property into real property, that is, unaccrued royalties; See e.g., *Cunnius v. Fields,* 449 P.2d 703 (Okl.1969).

On certiorari, appellee argues that apt words of reservation are absent from the 1940 deed, and since the deed was determined to be unambiguous, the Court of Appeals committed reversible error by entertaining parol and extrinsic evidence rejected by the trier of fact. Appellants contend that the language in the deed's granting clause is uncertain and ambiguous, and that the precedent relied upon by appellee is distinguishable, because those cases involve the interpretation of unambiguous language, used by the grantor after the habendum clause, and such was determined to be insufficient to create a reservation in the estate conveyed.

 In construing a conveyance, or alleged uncertainties in a deed, the Court's first priority is to ascertain the true intent of the parties, particularly that of the grantor, as gathered from the four corners of the instrument itself, considering each part and viewed in light of the circumstances attending and leading up to its execution, including the subject-matter and situation of the parties as to the time of the deed's execution. 15 O.S.1971 §§ 152, 160, 163. 16 O.S.1971 §§ 19, 29. See *Fransen v. Eckhardt,* 711 P.2d 926 (Okl.1985); *Public Service Co. of Okla. v. Home Builders Ass'n of Realtors, Inc.,* 554 P.2d 1181 (Okl. 1976); *Riedt v. Rock Island Imp. Co.,* 521 P.2d 79 (Okl.1974); *Lanford v. Cornett,* 415 P.2d 984 (Okl.1966); *Ewing v. Trawick,* 208 Okl. 311, 256 P.2d 182 (1953); *O'Connor v. Arnold,* 155 Okla. 295, 9 P.2d 25 (1932). Following this maxium of paramount importance is the rule that a deed will be construed most strongly against the grantor, or the one drawing the deed, and in favor of the grantee. *Mack Oil Co. v. Laurence,* 389 P.2d 955 (Okl.1964); *Palmer v. Campbell,* 333 P.2d 957 (Okl.1959);

*Hampton v. Kessler*, 193 Okla. 619, 145 P.2d 955 (1944); *Edwards v. Brusha*, 18 Okl. 234, 90 P. 727 (1907).

 The interpretation of a conveyance and whether it is ambiguous is, of course, a matter of law for the Court to determine and resolve accordingly. See *State, ex rel., Commissioners of the Land Office v. Butler*, 753 P.2d 1334, 1336 (Okl. 1988). If the language and terms of a conveyance are clear and unambiguous, then the written deed, and the *laws in force at the time of the deed's execution* will govern the rights and obligations of the grantor and grantee. *Oklahoma City v. Local Federal Savings & Loan Ass'n of Okla. City*, 192 Okl. 188, 134 P.2d 565, 571 (1943); *Kline v. Mueller*, 135 Okl. 123, 276 P. 200 (1929). Since the conveyance is complete in itself, the Court's duty to interpret the parties' intention cannot be gathered from the surrounding circumstances or parol evidence; the parties' intention must be ascertained solely from the language used in the conveyance. 15 O.S.1971 §§ 154, 155. See also, *Coker v. Hudspeth*, 308 P.2d 291 (Okl.1957); *Murphy v. Athans*, 265 P.2d 461 (Okl.1954); *Jennings v. Amerada Petroleum Corp.*, 179 Okl. 561, 66 P.2d 1069 (1937). When a deed possesses an intrinsic uncertainty, shown within the four corners of the instrument, it is then the Court's duty to first, opine what language or terms are ambiguous, and second, ascertain the deed's true meaning by considering parol and extrinsic evidence, including the parties' admissions and construction, and other circumstances. See *Comm'rs of the Land Office*, supra, at 1336, and cases cited therein.

 In the instant case, the district court granted both parties great leeway in going beyond the four corners of the disputed deed. Four witnesses, two for each party, testified as to the various subsequent acts and transactions made by the grantors and grantee as evidence of the parties original intention. This evidence was correctly disregarded by the trial court. Nevertheless, both appellants' and the appellate court's majority opinion maintain that the trial court's refusal to consider such parol and extrinsic evidence was erroneous, because the language used in the deed is ambiguous.

However, the Court of Appeals' majority opinion did not specifically explain what ambiguity it found in the language of the warranty deed. Nor did the appellate court conclude that the district court decree in this action of equitable cognizance was clearly against the weight of the evidence or contrary to law or established principles of equity. *Nilsen v. Tenneco Oil Co.*, 614 P.2d 36 (Okla.1980); *Marshall v. Amos*, 471 P.2d 896 (Okl.1970); *Voris v. Robbins*, 52 Okl. 671, 153 P. 120 (1915).

Instead, the majority relied on appellants' argument to reform the 1940 deed in accord with the subsequent circumstances and acts of the parties. The Court of Appeals placed great weight on reference to grantors' outstanding interest in subsequent conveyances, grantors' leasing of the interest after the conveyance, and a stipulation by grantee's successors to compensate grantor for any interest in rents and royalties. The Court of Appeals' determination of ambiguity is not supported by the record, nor does such ambiguity appear within the four corners of the conveyance itself. It is one thing for a court to determine and construe an ambiguity, and quite another matter to pretermit established precedent, disregard the instrument's plain language, and create an ambiguity.

We hold the Court of Appeals erred in considering parol and extrinsic evidence. We have consistently held that "a deed must clearly express a reservation in the grantor of a right of reversion, otherwise the reversion will be deemed to have passed with the conveyance." *Ford v. Raab*, 744 P.2d 956, 959 (Okl.1987), and cases cited therein.

Court of Appeals opinion is VACATED. Judgment of the district court is REINSTATED and AFFIRMED.

HARGRAVE, C.J., and HODGES, LAVENDER, ALMA WILSON, KAUGER, and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs, insofar as the Court holds the conveyance did not create a reservation in the grantor.

SIMMS, J., concurs in result.