2011 OK CIV APP 36
**MACDONALD OIL & GAS, LLC, a Limited Liability Company, Plaintiff/Appellee,**

v.

**Keith SLEDD, Trustee of the Nedbalek Family Trust, Dtd. 3–1–93, Defendant/Appellant.**

No. 107,862.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 28, 2010.

Rehearing Denied Jan. 27, 2011.

Certiorari Denied March 7, 2011.

Approved for Publication by Order of the Supreme Court March 16, 2011.

Richard P. Cornish, McAlester, Oklahoma, for Plaintiff/Appellee.

Richard C. Lerblance, Hartshorne, Oklahoma, for Defendant/Appellant.

BAY MITCHELL, Judge.

¶1 This is a dispute over the ownership of a mineral interest in a parcel of property in Pittsburg County. Defendant/Appellant, Keith Sledd, Trustee of the Nedbalek Family Trust (Sledd) appeals from the trial court's Order granting summary judgment in favor of Plaintiff/Appellant MacDonald Oil & Gas, LLC (MacDonald), finding that two quitclaim deeds[1] in the chain of title are clear and unambiguous on their face and in accordance with applicable rules of construction, conveyed to Sledd's predecessors in interest an interest in the surface estate only and none of the minerals. The trial court quieted title in MacDonald to an undivided 168 acre net *mineral* interest in a 240 acre tract, and in Sledd to an undivided 168 acre *surface* interest in the same 240 acre tract. Sledd appeals on the basis that the trial court erred in determining the deeds to be unambiguous as a matter of law, that the deeds were in fact ambiguous and extrinsic evidence should have been allowed to determine the grantors' intent. We agree. The trial court erred in granting Plaintiff's motion for summary judgment.[2]

¶2 Sledd's predecessors in interest to the subject property were Joe and Margaret

---

1. "A quit-claim deed conveys only such interest and title as the grantor owned at the time of the execution of the deed, ... and grantor thereby does not covenant to convey perfect title." *Atkinson v. Barr*, 1967 OK 103, ¶22, 428 P.2d 316; see 16 O.S.2001 § 18.

2. The interpretation of a deed is a question of law which is reviewed on appeal by a *de novo* standard. *Moss v. Moss*, 2008 OK CIV APP 2, ¶9, 175 P.3d 971. In addition, the appellate standard of review of a trial court's grant of summary judgment is *de novo*. *Kirkpatrick v. Chrysler Corp.*, 1996 OK 136, 920 P.2d 122. This Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Ross v. City of Shawnee*, 1984 OK 43, ¶7, 683 P.2d 535, 536. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Id.* If a legitimate dispute does exist as to a material fact, or if reasonable minds could draw different conclusions from the undisputed facts, summary judgment is inappropriate. *See Brown v. Alliance Real Estate Group*, 1999 OK 7, ¶7, 976 P.2d 1043, 1045.

Nedbalek (husband and wife), the *grantees* under the two subject quitclaim deed conveyances in 1974. MacDonald's predecessors in interest, the *grantors* of the 1974 conveyances were Edna R. Feeney and Agnes Feeney Grady and her husband. Edna Feeney owned an **undivided 112 acre interest in both the surface and minerals** of the 240 acre tract at the time of the conveyance. Agnes Feeney Grady and her husband owned an **undivided 56 acre interest in both surface and minerals** of the same tract at the time of the conveyance. Both quitclaim deeds conveyed all "right, title and interest" of the grantors in the following property:

> Northwest Quarter (NW/4) and West Half (W/2) of Northeast Quarter (NE/4) of Section 35, Township 8 North, Range 16 East, Pittsburg County, Oklahoma,
>
> **EXCEPTING from this conveyance and reserving to the grantor an undivided ½ interest in and to the oil, gas and all other minerals of every kind and character in and under said premises,** together with the right of ingress and egress thereto. . . .

(emphasis added).

¶ 3 The issue here is the construction of the language in the two deeds reserving or excepting the ½ interest in the minerals. Although each grantor owned less than half of the surface and mineral estates, MacDonald contends the deeds except and reserve to each grantor an **undivided ½ interest** in the minerals *in the entire 240 acre tract.* By that construction, MacDonald argues and the trial court agreed, the grantors effectively reserved **all** the minerals they owned resulting in the deeds conveying only the surface and no minerals. Sledd, on the other hand, argues the quitclaim deeds are ambiguous and that the grantors' intent was to convey half and reserve half of the minerals **actually owned by them.** Because the grantors owned a combined total 168 acres at the time

of the conveyance, Sledd contends the grantors intended to convey 84 net mineral acres.

■ ¶ 4 There is considerable law in Oklahoma explaining the duties and limitations of the courts in construing deeds. First, whether a deed (or any contract) is ambiguous is a question of law. *American Economy Ins. Co. v. Bogdahn,* 2004 OK 9, ¶ 11, 89 P.3d 1051, 1054.[3] "The test for ambiguity is whether the language 'is susceptible to two interpretations on its face . . . from the standpoint of a reasonably prudent lay person, not from that of a lawyer.'" *Id.* (quoting *Cranfill v. Aetna Life Ins. Co.,* 2002 OK 26, ¶¶ 7–8, 49 P.3d 703, 706).

■ ¶ 5 If the deed is unambiguous it is not subject to interpretation. *Messner v. Moorehead,* 1990 OK 17, ¶ 9, 787 P.2d 1270. The clear and unambiguous deed will be governed by the laws in force at the time of the deed's execution. *Id.* However, deeds that are ambiguous or uncertain must be construed. The first priority is to ascertain the true intent of the parties. *Messner,* 1990 OK 17, ¶ 8, 787 P.2d 1270. "A cardinal rule in construing a deed is [to determine] the true intent of the makers, as that intent may be discerned from the instrument itself, taking it all together, considering every part of it, and viewing it in the light of the circumstances surrounding the makers at the time of its execution; and their later acts in connection therewith may be considered in arriving at their intention." *Lanford v. Cornett,* 1966 OK 112, 415 P.2d 984 (*Syllabus by the Court # 1*); *see also K & K Food Services, Inc. v. S & H, Inc.,* 2000 OK 31, ¶ 8, 3 P.3d 705; *Riedt v. Rock Island Improvement Co.,* 1974 OK 30, ¶ 18, 521 P.2d 79 and *Davis v. Moore,* 1963 OK 228, ¶ 19, 387 P.2d 483.

¶ 6 MacDonald would have us rely on the Court of Civil Appeals decision *Young v. Vermillion,* 1999 OK CIV APP 114, 992 P.2d 917. *Young* relies on the Mississippi case of *Rosenbaum v. McCaskey,* 386 So.2d 387, 389 (Miss.1980).[4] In *Young,* the grantor owned

---

**3.** It is a longstanding rule that "deed[s] should be interpreted and the meaning of the parties thereto ascertained in the same manner as govern other written contracts." *Jennings v. Amerada Petroleum Corp.,* 1937 OK 228, 179 Okla. 561, 66 P.2d 1069 (Syllabus by the Court, # 1).

**4.** *Rosenbaum v. McCaskey* is distinguishable from this case in that in *Rosenbaum,* the grantor actually owned the same amount of minerals which he sought to reserve in a quitclaim deed. Grantor there owned an undivided one-half interest in the minerals at the time of the conveyance (wherein he reserved an undivided one-half min-

the surface and 1/8 of the minerals. He quitclaimed his interest in the property to the grantee, but reserved a ½ interest in the minerals. The Court held that reserving ½ of the minerals, which was more than the 1/8 interest the grantor actually owned, had the effect of reserving all the minerals the grantor owned and thus no minerals were conveyed by the quitclaim deed.

¶ 7 It should be noted, *Young* was not an appeal of a summary judgment. In fact, a motion for summary judgment had been previously denied. The order appealed was the result of an **evidentiary hearing.** *Young* is silent on the extent to which extrinsic evidence was necessary to demonstrate the grantor's intent with respect to the mineral interest reservation. *Young* also does not state the quitclaim deed was unambiguous. To the extent *Young* was based upon an implicit finding that the quitclaim deed there was unambiguous as a matter of law, we disagree with such a finding and decline to follow *Young* here.

¶ 8 In the instant case, our *de novo* review of the quitclaim deeds finds them to be inherently ambiguous in the extent to which they conveyed or reserved mineral interests. They appear to be susceptible to at least two interpretations from the standpoint of a reasonably prudent lay person. This case necessitates an examination of evidence beyond the four corners of the deeds to determine what the grantors intended. Given the ambiguity of the deeds, the trial court erred in granting summary judgment to MacDonald. This case is remanded for an evidentiary hearing consistent herewith.

¶ 9 The trial court's Order is REVERSED AND REMANDED.

JOPLIN, P.J., and BELL, V.C.J., concur.

eral interest). The court in Mississippi determined this quitclaim deed was unambiguous in its retention of his one-half interest and thus conveyed only the surface. *Rosenbaum,* 386 So.2d at 389.