OSCN Found Document:CHAPARRAL ENERGY, L.L.C. v. SAMSON RESOURCES COMPANY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CHAPARRAL ENERGY, L.L.C. v. SAMSON RESOURCES COMPANY
2015 OK CIV APP 44
348 P.3d 1104
Case Number: 113410
Decided: 03/27/2015
Mandate Issued: 05/07/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 44, 348 P.3d 1104

 

Chaparral Energy, L.L.C., an Oklahoma Limited Liability Company, 
Plaintiff,
v.
SAMSON RESOURCES COMPANY, CIRCLE F RANCH COMPANY, 
Defendants/Appellees,

ELAINE Q. HELM, TRUSTEE OF THE HELM FAMILY TRUST; DOUGLAS 
VINING; and PAULINE WALKER, Defendants/Appellants,
Charles R. Chesnutt, United States Trustee, Successor Trustee of the James E. 
Foster IV Bankruptcy Estate, John Thomas Foster, Robert YaQuinto, Jr., Trustee 
of the John Thomas Foster Bankruptcy Estate, Defendants.

APPEAL FROM THE DISTRICT COURT OF
LATIMER COUNTY, 
OKLAHOMA
HONORABLE WILLIAM WELCH, JUDGE

AFFIRMED

Thomas M. Ladner, LADNER & ELDREDGE, P.L.L.C., Tulsa, Oklahoma, for 
Defendants/Appellants,
Michael E. Smith, Ralph E. Seals, Jr., Sharon T. 
Thomas, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Oklahoma City, 
Oklahoma, for Defendants/Appellees.


ROBERT D. BELL, JUDGE:
¶1 Plaintiff, Chaparral Energy, L.L.C., the operator of certain producing 
wells in Latimer County, brought this interpleader against the above named 
defendants alleging said defendants had conflicting claims to the mineral 
interests on which three producing wells are located. Defendants/Appellants, 
Elaine Q. Helm, Trustee of the Helm Family Trust, Douglas Vining and Pauline 
Walker, appeal from the trial court's order granting summary judgment to 
Defendants/Appellees, Samson Resources Company and Circle F Ranch Company 
(Circle F). The trial court found Circle F is the owner of 160 mineral acres and 
is entitled to a share of the proceeds held in escrow and of the future 
production proceeds attributable to said mineral interest. After reviewing the 
record and extant law, we cannot find the trial court's judgment is clearly 
against the weight of the evidence or contrary to law. Accordingly, we affirm 
the trial court's judgment that Circle F is entitled to have its title in 160 
acres in Section 24 quieted as a matter of law.
¶2 Circle F Ranch Inc. (Grantor), the predecessor in interest to Appellee, 
Circle F, owned an undivided 320 mineral acres in Section 24, Township 6 North, 
Range 25 East, Latimer County, Oklahoma (Section 24). On September 5, 1972, 
Grantor executed a deed in favor of J. E. Foster, Jr., Trustee, as Grantee. 
Under the deed, Grantor conveyed to Grantee "an undivided one-half (½) interest 
in and to all of the oil and gas interests and royalties, and any and all other 
mineral interests which may be owned by Circle F Ranch, Inc." Appellants are 
Grantee's successors in interest. They contend the deed conveyed to Grantee 
ALL of the 320 mineral acres owned by Grantor in Section 24. Circle F 
counters its predecessor in title only conveyed one-half (½) of its mineral 
interests (160 mineral acres) to Grantee.
¶3 Chaparral Energy, L.L.C. brought this interpleader action to settle these 
and other conflicting claims to the production proceeds of three wells in 
Section 24. Appellant and Circle F moved for summary judgment on competing quiet 
title cross-claims against each other. The trial court granted judgment to 
Circle F and overruled Appellant's cross-claim for summary judgment. The trial 
court considered both the granting and habendum clauses, and found the deed 
unambiguously demonstrated the parties' intent to limit the conveyance to 
one-half (½) of the interests owned by Grantor. Because Grantor owned 320 
mineral acres, the trial court concluded the deed conveyed 160 mineral acres to 
Grantee.
¶4 The parties entered into a stipulation regarding mineral ownership while 
reserving Appellants' right to appeal. Based on that stipulation, the trial 
court entered a judgment declaring the ownership of the disputed mineral acres 
as set forth above. The judgment also found, pursuant to 12 O.S. 2011 §994(A), that there is 
no just reason for delay and it directed that this was the final judgment as to 
the matters set forth therein. Appellants now appeal. This appeal stands 
submitted for accelerated appellate review on the trial court record under Rule 
13, Rules for District Courts of Oklahoma, 12 O.S. 2011, Ch. 2, App., and 
Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2011, Ch. 15, App. 
1.
¶5 When, as here, there is no substantial controversy as to any material 
fact, summary judgment is appropriate where it appears one party is entitled to 
judgment as a matter of law. Baker v. Saint Francis Hosp., 2005 OK 36, ¶6, 126 P.3d 602. Because the judgment 
that granted summary relief disposed of legal issues, we review the trial 
court's judgment de novo. Id. "Actions to quiet title to realty 
are proceedings in equity." Combs v. Sherman, 2011 OK CIV APP 102, ¶10, 267 P.3d 150. This Court will 
review and weigh the evidence and will only set the judgment aside if it is 
clearly against the weight of the evidence or contrary to law. Id.
¶6 In the present case, the original Grantor owned one-half (½) or 320 
mineral acres in Section 24. Thus, the question is whether Grantor's deed 
conveyed a fraction of Grantor's fraction or whether Grantor's deed conveyed 
ALL of Grantor's 320 mineral acres to Grantee. On appeal, Appellants 
argue the trial court should have determined the deed conveyed to Grantee 
one-half (½) of all mineral interests (320 mineral acres) in and underlying 
Section 24. Circle F counters the trial court properly determined the deed 
conveyed one-half (½) of Grantor's one-half (½) mineral interest in Section 24; 
thus, Circle F is the owner of a one-fourth (¼) mineral interest (160 mineral 
acres) in and underlying Section 24.

 
 In construing a conveyance, or alleged uncertainties in a deed, the 
 Court's first priority is to ascertain the true intent of the parties, 
 particularly that of the grantor, as gathered from the four corners of the 
 instrument itself, considering each part and viewed in light of the 
 circumstances attending and leading up to its execution, including the 
 subject-matter and situation of the parties as to the time of the deed's 
 execution.
Messner v. Moorehead, 1990 
OK 17, ¶8, 787 P.2d 1270.
¶7 Here, the trial court found that due to the limiting words "which may be 
owned by Circle F Ranch, Inc." in the granting clause of the deed, Grantor 
unambiguously expressed its intent to reserve in itself an undivided one-fourth 
(¼) mineral interest in Section 24. We find the trial court's decision in this 
regard was not against the weight of the evidence or contrary to law. "To create 
a reservation it must appear from the instrument that the grantor intended to 
and by appropriate words expressed the intent to reserve an interest in 
himself." Rose v. Cook, 1952 
OK 62, ¶23, 250 P.2d 848. 
Reservations of mineral interests "need not be expressed in the granting clause 
of the deed, but may be contained in the warranty clause, the habendum, or the 
redeendum clause, or, as we have said, within the four corners of the 
instrument." Id.
¶8 Based on the foregoing, we hold the deed conveying "an undivided one-half 
(½) interest in and to all of the oil and gas interests and royalties, and any 
and all other mineral interests which may be owned by Circle F Ranch, Inc.," 
conveyed one-half (½) of Grantor's one-half (½) mineral interest (or a 
one-fourth (¼) mineral interest) to Grantee. Accordingly, we hold the trial 
court properly determined Grantor's successor-in-interest is entitled to have 
its title quieted in and to a one-fourth (¼) mineral interest (or 160 mineral 
acres) in Section 24.
¶9 Our opinion is bolstered by Williams and Meyers, Oil and Gas Law 
Abridged Ed., §309, p. 107. There, Professors Williams and Meyers set forth the 
following example:

 
 Case 4. R owns an undivided interest in the minerals on the land, 
 the quantum of interest being uncertain and unknown to R. R executes a deed 
 as follows:
 grant . . . an undivided one-half (½) of all my right title and interest 
 in and to the mineral on or under the following described land: Section 6, 
 etc.
 R has conveyed one-half of whatever interest he owns in the minerals in 
 Section 6.
See also Hunsaker v. Brown Distrib. Co., Ltd., 373 S.W.3d 153 
(2012), where the court held a warranty deed conveying "one-half (½) of all oil, 
gas and other minerals . . . in, on and under said property now owned by 
[g]rantor . . . subject to all reservations now outstanding and of record" 
conveyed one-half (½) of the grantor's one-quarter (¼) mineral interest, and not 
the entirety of the grantor's one-quarter (¼) interest.
¶10 Because we hold in this manner, we find it unnecessary to address the 
remainder of Appellants' propositions of error. The trial court's judgment 
quieting Circle F's title in an undivided one-fourth (¼) mineral interest (160 
mineral acres) in and underlying Section 24-6N-25E, Latimer County, Oklahoma, 
and in the producing wells thereon is affirmed.

¶11 AFFIRMED.

GOREE, P.J., and BUETTNER, J., concur.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 102, 267 P.3d 150, COMBS v. SHERMAN
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 17, 787 P.2d 1270, 61 OBJ 575, Messner v. Moorehead
Discussed
 1952 OK 62, 250 P.2d 848, 207 Okla 582, ROSE v. COOK
Discussed
 2005 OK 36, 126 P.3d 602, BAKER v. SAINT FRANCIS HOSPITAL
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited