## Thomas D. Knapp v. Van Rensselaer W. Woolverton.

*Exceptions from warranty—Trespass against grantee for destruction of wheat.*

Where the covenants of warranty in a deed of land are followed by the clause "except all the wheat on the ground or land as above described" the deed is not to be construed as reserving the wheat to the grantor, but as excepting it from the warranty.

A grantor cannot maintain trespass against his grantee for destroying the wheat on the land, when the strict construction of the deed is merely to except the wheat from the covenants of warranty, but not to reserve it.

Error to Ionia. Submitted Oct. 25. Decided Jan. 5.

Trespass. Defendant brings error. Reversed.

*A. A. Ellis* for plaintiff in error.

*A. B. Morse* for defendant in error.

Marston, J.. This was an action of trespass *qu. cl. fr.,* commenced in justice's court, notice being given that the title to lands would arise and the cause certified to the circuit,

where trial was had and judgment rendered in favor of the plaintiff.

The plaintiff in his declaration alleged that on the 1st day of June, 1880, and on divers other days, the defendant with force and arms the close of the plaintiff, describing the same, which premises the plaintiff claimed in fee, broke and entered, and with his feet and with cattle, etc., trampled upon and destroyed the grass, wheat, etc., growing thereon.

It appeared on the trial that April 8th, 1880, the plaintiff by warranty deed conveyed a portion of the premises described in the declaration to defendant Knapp. The deed was in the usual form with full covenants of warranty, followed by the clause, "except all the wheat on the ground or land as above described." In June, 1880, Knapp's cattle injured the wheat growing upon the premises so conveyed, and the plaintiff, claiming to be the owner of the wheat under the exception referred to, brought the present action.

We are of opinion that the present controversy may be disposed of in a very few words.

At the time of the alleged trespass the defendant was the owner of the lands upon which the wheat was growing, having obtained title thereto under a conveyance from the plaintiff after the wheat was sown. The clause referred to in the deed did not amount to a reservation of the wheat. Looking at the instrument alone, the fair legal construction of the clause quoted would indicate an exception of the wheat from the operation of the covenants, and we cannot give it a construction more favorable than this in behalf of the grantor. The plaintiff therefore having parted with his right, title and interest in the land and crops growing thereon, could not maintain the action, especially against the party who apparently was the rightful owner thereof.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.