## ECHOLUSTEE OIL CO. v. JOHNSTON et al.

No. 20384. Opinion Filed Nov. 17, 1931.

A. M. Beets, O. K. Wetzel, and A. Francis Porta, for plaintiff in error.

Martin L. Frerichs, for defendants in error.

HEFNER, J. Plaintiff in error claims to be the owner of the mineral rights in and to the land involved in this action. The trial court decided against its claim.

It appears that on and prior to the 15th day of June, 1920, Harry H. Rogers and W. H. Dill owned the land in fee and on that date conveyed the premises by warranty deed to J. E. Carr. It is contended that in the deed of conveyance they reserved an undivided one-fourth interest in the minerals. Carr thereafter conveyed all the mineral rights to D. Replogle. Plaintiff in error thereafter acquired all the mineral rights by conveyance through him. The question for our determination is. "Did Rogers and Dill in their deed to Carr reserve a one-fourth undivided interest in the minerals?" There is no reservation in the granting

clause of the deed, nor do we discover any such reservation in any portion thereof. There appears in the warranty clause of the deed the following exception:

"And said first parties, their heirs, executors, or administrators, do hereby covenant, * * * that the same are free, clear and discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments, and encumbrances, of whatsoever nature and kind except valid agricultural and oil and gas leases and 1919 taxes and except an undivided one-fourth interest in and to the oil and gas and other minerals in and under said land and the right to enter, prospect for and remove said minerals, and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same. * * *"

Defendants in error contend that this exception amounts to a reservation of the minerals. We cannot agree with this contention. No apt language is used indicating that such was the intention of the parties. The exception by express language operates only to except a one-fourth undivided interest in the minerals from the operation of the covenant of warranty. We cannot give this clause any other construction without doing violence to the language used. A very similar case was before the Supreme Court of Michigan in the case of Knapp v. Woolverton, 11 N. W. 164. It is there said:

"It appeared on the trial that April 8, 1880, the plaintiff by warranty deed conveyed a portion of the premises described in the declaration to defendant Knapp. The deed was in the usual form with full covenants of warranty, followed by the clause, 'except all the wheat on the ground or land as above described.' In June, 1880, Knapp's cattle injured the wheat growing upon the premises so conveyed, and the plaintiff, claiming to be the grower of the wheat under the exception referred to, brought the present action.

"We are of the opinion that the present controversy may be disposed of in a very few words.

"At the time of the alleged trespass the defendant was the owner of the lands upon which the wheat was growing, having obtained title thereto under a conveyance from the plaintiff after the wheat was sown. The clause referred to in the deed did not amount to a reservation of the wheat. Looking at the instrument alone, the fair legal construction of the clause quoted would indicate an exception of the wheat from the operation of the covenants, and we cannot give

it a construction more favorable than this in behalf of the grantor."

We do not think the construction contended for by the defendants in error is warranted by the language of the deed. The only reference in the deed to an undivided one-fourth interest in the minerals is found in the warranty clause under the exception from the warranty, and it is as follows:

"Except valid agricultural and oil and gas leases and 1919 taxes and except an undivided one-fourth interest in and to the oil and gas and other minerals in and under said land and the right to enter, prospect for, and remove said minerals. * * *"

The grantors refused to warrant against any of the items mentioned under the exception to the warranty. The undivided one-fourth interest in and to the oil and gas and other minerals is placed in the same exception and treated in the same manner as agricultural leases, oil and gas leases, and 1919 taxes. From the exception to the warranty one would be led to believe that there were outstanding valid agricultural and oil and gas leases and 1919 taxes and an undivided one-fourth interest in the oil and gas minerals.

We do not say that a reservation cannot be made in the warranty clause, but we do say that we do not think the one under consideration makes a reservation of the minerals, but the language rather leads us to believe that it was the intention of the parties to refuse to warrant the premises against an undivided one-fourth interest in the minerals just as they refused to warrant the premises against an oil and gas lease and the 1919 taxes. There are no apt words which properly reserve or carve out of the conveyance the one-fourth mineral interest.

Judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.