## NATIONAL FIRE INSURANCE CO. v. PATTERSON.

No. 24424.   Feb. 19, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

D. A. Stovall, for defendant in error.

PER CURIAM. It appears from the record that the plaintiff, Patterson, procured from the National Fire Insurance Company the issuance of a $1,000 policy of fire insurance covering the period of time from the 8th day of September, 1930, to the 8th day of September, 1933, and covering a certain dwelling house located on lot 2, block 3 of Terry's addition to Hugo, Okla. The property had been insured for many years prior thereto.

It appears that in 1923 the plaintiff was

the owner in fee simple of said above-described property and that he conveyed the same to one A. A. Reynolds; that thereafter A. A. Reynolds conveyed said property to Mrs. M. S. Patterson, the wife of the plaintiff. In 1925 Mrs. Patterson executed a deed to J. M. Patterson, which said deed was never placed of record, and was lost. In 1928 the plaintiff sold the said property to one C. R. Pole, placing a deed and contract in escrow in the National Bank of Commerce at Hugo, Okla. By the terms of this contract the deed was to be delivered to Pole upon payment of the stipulated price. This price was to be paid at the rate of $10 per month, and upon default in said payments the deed was to be delivered back to the plaintiff, Patterson. Pole subsequently became delinquent in the payments under this contract and the plaintiff demanded a forfeiture of the contract and a withdrawal of the deed.

On September 28, 1930, the building covered by the policy was destroyed by fire, and upon refusal by the insurance company to pay under said policy, this suit was instituted.

The defendant, National Fire Insurance Company, set up as a defense the proposition that Patterson was not the unconditional and sole owner of said property, and was not entitled to recover under said policy for the reason that the policy was void and inoperative under the following clause therein:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * * or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants, without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise. * * *"

The trial court found that the plaintiff, J. M. Patterson, was the sole and unconditional owner of said property at the time of the issuance of said policy and at the time of said fire which destroyed the same; and rendered judgment in favor of the plaintiff and against the defendant in the amount of $1,000. The defendant's motion for a new trial was overruled, and the defendant comes to this court upon five assignments of error, which amount to the contention that the judgment of the court is not sustained by the evidence and is contrary to the

law because the plaintiff was not the sole and unconditional owner of the insured property either at the time of insurance or of loss.

The defendant, National Fire Insurance Company, contends: First, that J. M. Patterson was not the sole and unconditional owner of the property, because legal title to the same was vested in M. S. Patterson, and that there is no evidence to support the findings of the court that J. M. Patterson took title to the property by virtue of the deed executed by Mrs. Patterson. Second, because equitable title to the property was in C. R. Pole by reason of the contract and deed in escrow.

As to the first proposition: It is the contention of the defendant that there was no evidence upon which to base the findings of the trial court to the effect that the deed from Mrs. Patterson to Mr. Patterson vested title in him for the reason that there is no evidence that this deed was signed and acknowledged.

We cannot agree with this contention. The undisputed testimony is that Mrs. Patterson "executed a deed" to Mr. Patterson covering this property. The term "execute" includes the signing of an instrument.

"Execution of a note requires both a signing and delivery. In a legal sense, the word 'execute' includes delivery, and implies a complete contract. Nicholson v. Combs, 90 Ind. 515, 46 Am. Rep. 229."

"'Execution,' as used in the phrase 'after the execution by the defendant of the indenture as aforesaid,' means 'executed with all the formalities necessary to the completion of the deed.' It is a sufficient allegation to show that the deed was sealed and delivered. Sutherland v. Wills, 5 Exch. 715, 718."

"Every act essential to the complete making and delivery of the instrument is included in the word 'execute,' so that an allegation that a bond was executed would be sufficient to cover every essential to the making and approving of the bond. Fire Ass'n of Philadelphia v. Ruby, 60 Neb. 216, 82 N. W. 629."

"An allegation that an agreement for the sale of lands was 'executed' is equivalent to 'subscribed,' as used in Rev. St. c. 75, sec. 8, requiring every contract for the sale of lands to be in writing and subscribed by the party purchasing. Cheney v. Cook, 7 Wis. 413, 423."

The above quotations are from "Words and Phrases," vol. 3, pp. 2558, 2560.

When the testimony disclosed that a "deed" was given to Patterson, it was unnecessary that the evidence further disclose

that the instrument was properly executed.

"A deed is a written instrument, signed, sealed, and delivered by the parties." Fisher v. Pender, 52 N. C. 483, 485.

Bouvier's Law Dictionary (3rd Rev.) vol. 1, p. 812, in defining "deed" states:

"A writing or instrument, written on paper or parchment, sealed and delivered, to prove and testify the agreement of the parties whose deed it is to the things contained in the deed. American Button-Hole Overseaming S. M. Co. v. Burlack, 35 W. Va. 647, 14 S. E. 319. See Baker v. Westcott, 73 Tex. 129, 11 S. W. 157."

"Ordinarily a 'deed' is understood to be a writing by which lands are conveyed. McMee v. Henry, 174 S. W. 746, 747, 163 Ky. 729."

In the case of Test Oil Co. v. La Tourette, 19 Okla. 214, 91 P. 1025, this court said:

"The word 'deed,' in its common usage and acceptation, undoubtedly means the conveyance of real estate, and a deed of conveyance is a sealed writing, signed by the party to be charged, which evidences the terms of the contract between the parties whereby the title to real property is transferred from one to the other, and this is the more usual, though somewhat restricted, meaning of the word 'deed'."

A blank which would constitute a conveyance if properly executed is not a "deed" any more than is a blank piece of paper.

Certainly the term "deed" should be accepted as it was used in the evidence in this case, "in its common usage and acceptation."

As to the second proposition, this court has many times held that where an action at law is tried by the court without a jury, this court will not weigh the evidence for the purpose of determining whether or not the court's findings were justified thereby, so long as there is any evidence to support the findings of the trial court.

"Where an action at law is tried by the court without a jury, the appellate court is precluded from weighing the evidence for the purpose of determining whether or not the court's findings were justified thereby, unless there was no evidence whatever to support the findings." First National Bank v. Melton & Holmes, 156 Okla. 63, 9 P. (2d) 703.

The question of fact involved is whether or not the plaintiff, Patterson, was the owner of this property, or whether Pole was the owner. There was testimony to the effect that the contract and escrow instructions provided that upon the default of payments by Pole, the deed should be delivered to the plaintiff. Further, that Pole did default in the payments, and that in compliance with the escrow instructions, the bank delivered the deed to the plaintiff prior to the issuance of the insurance policy. Further, that this was done with the consent of Pole. The trial court chose to accept this testimony and found that title was vested in the plaintiff. There was sufficient evidence to warrant the finding of the trial court.

Finding no error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ed. Waite Clark, N. A. Gibson, and Samuel A. Boorstin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Clark and approved by Mr. Gibson and Mr. Boorstin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.