McCULLOUGH v. YOUNG et al.

No. 32199.   Dec. 23, 1946.

175 P. 2d 322.

A. L. Commons, of Miami, for plaintiff in error.

Arthur G. Croninger, of Miami, for defendants in error.

ARNOLD, J. In 1932 Rex J. McCullough was the record owner of the following described real property:

East half of East half of Southeast Quarter of Southwest Quarter of Section 31, Township 28, Range 23E, in Ottawa County, Oklahoma.

The taxes assessed for that year against this property were not paid, and at the November, 1933, sale for delinquent taxes the county treasurer bid the same in for the county in the absence of other bidders. No redemption was made by the owner, and thereafter the tax sale certificate was assigned by the county treasurer to T. C. Young in February, 1938. Upon Young's application, after proof of proper notice thereof, a certificate tax deed was executed, delivered and recorded in April, 1938.

In September, 1939, Rex J. McCullough conveyed all of his right, title, and interest in this property to W. P. McCullough by quitclaim deed which was duly recorded. On October 11, 1941, this action was filed. Tender of all taxes, interest, penalties, and costs was made. Demurrers were sustained to plaintiff's original and first amended petitions. A second amended petition was filed April 24, 1942, upon which the case was tried. The ground of attack on Young's certificate tax deed was that it failed to show that the county treasurer bid in the property at the 1933 tax sale for want of other bidders. On December 16, 1941, Young procured from the county treasurer a correction tax deed, which corrected this omission in his original deed, and had it recorded February 5, 1942.

Young filed a disclaimer, having transferred to the defendants, Ed and Eva Ballard.

Said defendants answered this second amended petition by general denial, a claim of title as remote grantees of Young, pleaded the correction tax deed as evidence of title, and asked that their title be quieted as against plaintiff. Plaintiff's reply denied generally defendants' allegations.

At the close of the trial on July 28, 1944, each party demurred to the evidence of the other and each prayed for judgment. The court took the matter under advisement, and on December 15, 1944, rendered judgment for defendants. For reversal of this judgment plaintiff relies on two propositions, thus stated in the brief:

"1. The county treasurer had no jurisdiction and no authority to issue the original tax deed."

"2. The county treasurer had no authority to issue a so-called correction tax deed after suit had been filed."

Plaintiff's first proposition is outside of and beyond the issues submitted to the trial court for consideration and determination as shown by the following stipulation dictated into the record at the trial:

"Mr. Croninger: It has been stipulated that all questions are withdrawn

from the consideration of the court except the one involving the legality of the corrected deed and its effect; whether the defendant has a right to take a corrected tax deed and thereby overcome the objections to the first deed. The Court: The case is being submitted on that question? Mr. Croninger: Yes, sir. Mr. Commons: Yes, sir."

This leaves for consideration and determination by this court only the legal question involved in plaintiff's second proposition.

Demurrers having been sustained to plaintiff's original and first amended petitions, his second amended petition was the first pleading to which defendants were required to make answer. At that time the correction tax deed issued to T. C. Young had inured to defendants' benefit as evidence of their title and could then be pleaded in defense of plaintiff's cause of action unless precluded by some applicable rule of law. We know of no such applicable rule.

Generally the courts apply the doctrine of relation back to correction tax deeds so that the purchaser may have the benefit of an effective conveyance to which he was entitled originally. (61 C.J. 1363 § 1936.) The correction deed cannot amend the record of the tax sale but merely makes the conveyance conform to the facts shown by that record.

In order to show that the original tax deed to T. C. Young did not correctly state the facts as to the treasurer's authority to bid in the property at the November, 1933, sale for delinquent taxes, defendants first proved by the county clerk that the original tax sale certificate was missing from his office files and that he had been unable to find it after diligent search. They then introduced in evidence, over plaintiff's objection, the carbon copy of this certificate retained by the county treasurer as a record of his office. This carbon copy showed that at the November, 1933, sale the property here involved "was offered for sale at public auction, and there being no other bidders offer-ing the amount due, it was therefore bid for said county for the sum of eighteen and 55/100 dollars, being the full amount of taxes, penalty, interest and costs due and unpaid thereon for the year 1932."

Plaintiff objected to this carbon copy on the ground that it tended to impeach the act of the county treasurer in issuing the first deed to Young, and for the further reason that the date of the assignment had been changed from January 3, 1938, to February 3, 1938. However, the acknowledgment to the assignment bears date February 3, 1938. We think the trial court did not err in overruling these objections.

Plaintiff argues that the doctrine of relation back as applied to correction tax deeds is not followed in this state where the correction deed is issued after suit has been filed to cancel the first deed. In support of this contention he quotes the following language from the body of the opinion in Taylor v. Trow, et al., 191 Okla. 485, 131 P. 2d 79:

". . . It (the correction deed) was acknowledged and recorded on the 9th day of September, 1940, before any action was commenced by the plaintiff . . ."

This language merely states a fact appearing of record in that case. It is not a statement of law. The law of that case on this point is stated in the first paragraph of the syllabus to that opinion, which reads:

"A purchaser at a tax resale who has received a defective deed is entitled to a new correcting deed, and when a correcting deed is issued, it relates back to time of sale and becomes effective from that date."

Under the doctrine of relation back, the correction deed, in contemplation of law, is the original deed, the defective first deed being a mere scrap of paper. That plaintiff's contention based on the quoted language from the body of the opinion in the Taylor Case, supra, is not well founded is shown by two prior decisions of this court. In Prowant v. Smith, 77 Okla. 257, 188 P. 93, the

correction deed therein sustained was issued just prior to the filing of defendant's answer. In the case of Elerick v. Reed, 133 Okla. 195, 240 P. 1045, the intervening defendant attacked plaintiff's tax deed by answer and cross-petition. This pleading was filed May 15, 1923, and on June 1st thereafter plaintiff procured a correction deed and attached same as an exhibit to an amended petition. This deed was sustained. It is thus apparent that the doctrine of relation back as applied to correction tax deeds has been adopted and long adhered to by this court.

Plaintiff's final contention under his second proposition is that defendants Ballard are lis pendens purchasers. The record conclusively answers this contention adversely. In his original petition plaintiff named the Ballards as defendants and alleged that they claimed some right, title or interest in the property adverse to plaintiff by virtue of a certain tax deed dated April 15, 1938, and recorded in Book 156, at page 815, in the county clerk's office of Ottawa county. This is the original certificate tax deed issued to T. C. Young, to cancel which this action was commenced. At the trial it was stipulated that the Ballards were in possession of the property prior to the filing of the suit. The lis pendens rule has no application in this case.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, CORN, and DAVISON, JJ., concur.