FOLEY et al. v. WORTHINGTON et al.

No. 33409. Sept. 20, 1949.

*209 P. 2d 871.*

Hatcher & Bond, of Chickasha, for plaintiffs in error.

Bailey & Hammerly, of Chickasha, for defendants in error.

DAVISON, C. J. This is an action wherein the plaintiffs, Frank Foley and A. C. Walters, seek to quiet their title, to some 55 acres of land in Grady county, founded upon a resale tax deed, as against the heirs of J. L. Worthington, deceased, the former record owner thereof. The case comes here on appeal from an order of the trial court sustaining a demurrer to plaintiffs' amended petition. The parties will be referred to as they appeared in the lower court.

Plaintiffs' amended petition, filed January 22, 1946, alleged the ownership of the property based upon a deed from the chairman of the board of county commissioners to whom the same had been conveyed by county treasurer's resale tax deed, dated May 14, 1943. This last mentioned deed, after reciting that the county treasurer bid in said real estate for the county, contained no recitation of "there being no bid equal to or greater than the sum required by statute, etc.," which would show the treasurer's authority to so bid the property in under the provisions of 68 O.S. 1941 §391.

On September 21, 1946, the defendants filed separate general demurrers to the petition. On January 27, 1947, by permission granted by order of court, the

plaintiffs amended the petition by interlineation and by attaching, as Exhibit "B", a copy of a resale tax deed, to the chairman of the board of county commissioners, dated January 23, 1947, which was identical to the resale tax deed dated May 14, 1943, except for its date and except that the latter deed contained the recitation above set out. Defendants moved to strike said Exhibit "B," which motion was granted and, thereupon, the several demurrers were sustained.

Plaintiffs contend that the resale tax deed of May 14, 1943, was valid but that, if it was void because it did not contain the above-quoted recitation, they had a right to secure the deed of January 23, 1947, to correct and supply the omission; that said correction deed dated back and took effect as of the date of the original deed and could be incorporated as a part of their petition, theretofore filed. We agree with this latter contention. It is therefore unnecessary for this court to determine the question as to whether the deed of May 14, 1943, was void on its face.

Defendants insist that the applicable rule of law is stated in the case of Bank of Chelsea v. School Dist. No. 1, Rogers County, et al., 62 Okla. 185, 162 P. 809, as follows:

"The nonexistence of a cause of action when suit is brought is a fatal defect which cannot be cured by the accrual of a cause while the suit is pending."

And as quoted from Corpus Juris, in the case of American Inv. Co. v. Baker, 122 Okla. 10, 250 P. 76, as follows:

"Plaintiff must therefore recover, if at all, according to the status of his rights at the time of the commencement of the action, and ordinarily the same rule applies with regard to the rights and defenses of the defendant."

The case at bar, however, does not come within the sphere of application of these well established rules. We are here considering a tax deed, and the doctrine of relation back as applied to correction tax deeds has been adopted and adhered to in a long line of decisions by this court.

"A purchaser at a tax sale who has received a defective deed is entitled to a new corrected deed, and he may have as many deeds issued as he desires until he gets a good deed. 61 C. J. 1362. A new or corrected tax deed relates back to the time of the sale and becomes effective from that time. 61 C. J. 1363." Taylor v. Trow et al., 191 Okla. 485, 131 P. 2d 79.

The Taylor case was discussed and explained in the rather recent opinion of this court in the case of McCullough v. Young et al., 198 Okla. 96, 175 P. 2d 322, wherein was discussed the proposition of the owner of the tax title relying upon a correction tax deed executed subsequent to the institution of suit to cancel the first deed. The following language was there used:

"Under the doctrine of relation back the correction deed, in contemplation of law, is the original deed, the defective first deed being a mere scrap of paper. . . . It is thus apparent that the doctrine of relation back as applied to correction tax deeds has been adopted and long adhered to by this court."

Though the situation in the McCullough case is slightly different from that in the case at bar, the same rule and reasoning is applicable to both.

The order of the trial court is reversed and the cause remanded, with directions to overrule defendants' motions to strike and demurrers, and to proceed in a manner not inconsistent with the views herein expressed.