1999 OK CIV APP 36

**BOSWELL ENERGY CORPORATION,**
Plaintiff/Appellee,

v.

**ARROWHEAD HOMES, INC.; Neal A. McCaleb and Georgann McCaleb, husband and wife, Defendants/Appellees,**

Petrocorp, Incorporated; WOP Limited Partnership; Pelco Products, Inc.; Foodservice Enterprise, Inc.; Signal Ridge Development, L.L.C.; Jeff Wolfe and Roger Williams; Tom Vorderlandwehr, Inc.; Physicians of Edmond, an Oklahoma general partnership; Rodney A. Babb and Kimberlee A. Babb, husband and wife; Enogex Exploration Corporation; Mark Svoboda, an individual; The Johnston Family Limited Partnership; and The Jernigan Family Limited Partnership, Defendants/Appellants.

No. 92,017.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 26, 1999.

Richard A. Grimes, Jerry Day, Oklahoma City, Oklahoma, For Appellants,

Charles B. Davis, Boswell Energy Oklahoma City, Oklahoma, Corporation, For Appellee,

Bob Rudkin, Neal A. McCaleb, Edmond, Oklahoma, and Georgann McCaleb, For Appellees.

---

1. On each deed after the legal description, and before the insertion of "Less and except all mineral interests" is the following printed language: "together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same."

## OPINION

GARRETT, Judge:

¶1 Appellees, Neal A. McCaleb and Georgann McCaleb (the McCalebs), conveyed two parcels of real property to Appellee, Arrowhead Homes, Inc. (Arrowhead), a corporation formed by the McCalebs for the purpose of developing a subdivision of residential homes. The first parcel, consisting of 9.593 acres, was conveyed by warranty deed on February 22, 1983, and the second parcel, consisting of 21.10 acres, was conveyed by warranty deed on January 2, 1984. In both of the deeds, the McCalebs inserted the following language after the warranty clause and before the habendum clause printed on the form deed: [1] "Less and except all mineral interests." Appellee, Boswell Energy Corporation (Boswell), acquired an oil and gas lease covering these premises through an assignment from the McCalebs' previous lessees, Hill Land Management, Inc., who is not a party to this action. Appellant PetroCorp obtained oil and gas leases from some of the defendants/appellants who were Arrowhead's grantees or their successors in title. Additionally, PetroCorp obtained oil and gas leases covering the subject area from some of the defendants/appellants through a pooling order issued by the Oklahoma Corporation Commission (the Commission). PetroCorp drilled a producing well in an area which included these 30.693 acres in a drilling and spacing unit order issued by the Commission. Boswell contends it has the only valid lease on these premises, which also includes another 38.129 mineral acres owned by the McCalebs over which there is no dispute.[2]

¶2 Boswell filed this quiet title action to determine title to the minerals and to the leasehold. Boswell sued all above-named defendants, including the McCalebs and Arrowhead, in order to claim its share of the production. On September 14, 1998, the trial court entered an order in favor of Appellees, the McCalebs, and Appellee, Boswell Energy

---

2. Boswell is being credited with production by PetroCorp for 38.129 acres.

Corporation (Boswell), granting Boswell's motion for summary judgment, which the McCalebs joined, and denying the motion for summary judgment filed by Appellant, Petro-Corp, Incorporated, and all other appellants (collectively, Appellants). The court entered judgment in favor of Boswell and McCalebs. The court adjudged:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that title in the disputed 30.693 acre fee mineral interest in the NW/4 of Section 2, Township 13 North, Range 3 West, is quieted in and to Neal A. and Georgeann (sic) McCaleb, husband and wife; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that title to the leasehold interest in the disputed 30.693 net mineral acres in the NW/4 of Section 2, Township 13 North, Range 3 West is quieted in the Plaintiff, Boswell Energy Corporation.

¶3 The issue in this case, therefore, is the ownership of the minerals at the time the leases were executed. It becomes necessary to determine whether the McCalebs reserved the minerals to themselves in and under the 30.693 acres when the two warranty deeds were executed in favor of Arrowhead, thus entitling the McCalebs to lease the mineral acreage to Boswell.

¶4 PetroCorp argued in the trial court that the addition of "Less and except all mineral interests" in the warranty clause, rather than in the granting clause, does no more than except the minerals from the operation of the covenant of warranty. Therefore, it contends the McCalebs did not own the minerals underlying the 30.693 acres when it executed the oil and gas lease to Boswell. It cites *Echolustee Oil Co. v. Johnston*, 1931 OK ——, 153 Okla. 92, 3 P.2d 227, as authority. In *Johnston*, supra, the Supreme Court discussed at length the placement of exceptions and reservations in the warranty and habendum clause,[3] rather than in the granting clause. The clause in question, the habendum clause may be disposed with

tion in *Johnston*, somewhat different from the one at issue herein, was as follows:

And said first parties, their heirs, executors or administrators, do hereby covenant, * * * that the same are free, clear and discharged and unincumbered (sic) of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances, of whatsoever nature and kind, except valid agricultural and oil and gas leases and 1919 taxes *and except an undivided one-fourth interest in and to the oil and gas and other minerals* in and under said land and the right to enter, prospect for and remove said minerals, and that they will warrant and forever defend the same unto said party of the second part, his heirs and assigns, against said parties of the first part, their heirs and assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same. * * * [Emphasis supplied.]

¶5 Although the argument was made that the above exception was intended as a reservation of the minerals by the grantors, the Supreme Court disagreed. The Court declared that no "apt language" was used to indicate that intention, and that the "express language" operated only to except a one-fourth interest in the minerals from the warranty, rather than from the conveyance. The Court reasoned that the only reference in the deed to the mineral interest was found in the warranty clause under the exception to the warranty. The Court found the reference to the mineral interest was placed in the same exception, and was treated by the grantors in the same manner, that is, as an exception to the warranty, as the agricultural leases, oil and gas leases and 1919 taxes. However, the Court stated it did not intend to hold that a reservation could never appear in the warranty clause:

We do not say that a reservation cannot be made in the warranty clause, but we do

---

3. "The office and purpose of the habendum clause, that is to say, that part of the deed which begins with the words 'To have and to hold', is to limit and define the estate granted, but it is not an essential part of the deed ... If the granting part of the deed contain proper words of limita- altogether. So, if the habendum clause is clearly repugnant to the grant, it has no validity or effect...." *Corbyn v. Oklahoma City*, 1946 OK ——, 197 Okla. 483, 172 P.2d 384, 387 (dissenting opinion).

say that we do not think the one under consideration makes a reservation of the minerals, but the language rather leads us to believe that it was the intention of the parties to refuse to warrant the premises against an undivided one-fourth interest in the minerals *just as they refused to warrant the premises against an oil and gas lease and the 1919 taxes.* There are no apt words which properly reserve or carve out of the conveyance the one-fourth mineral interest. [Emphasis supplied.]

1931 OK ——, 153 Okla. 92, 3 P.2d 227, 228–29. Although there was a general tendency in earlier Oklahoma cases to require the reservation or exception of the mineral estate to appear in the granting clause, the more recent trend is stated in *Rose v. Cook,* 1952 OK ——, 207 Okla. 582, 250 P.2d 848, 850–852:

> [T]his court is definitely committed to the so-called 'four corners doctrine' or 'entire instrument doctrine' ... In construing a deed, the court must ascertain the grantor's intention from the entire instrument without undue reference to any part; and technical meaning of words must be held to give way to the manifest intent of the parties. [Citations omitted.]

¶ 6  In *Westcott v. Bozarth,* 1949 OK ——, 202 Okla. 149, 211 P.2d 258, the Supreme Court ruled a clause found in the habendum clause immediately after the warranty clause was an effective reservation of the minerals by the grantor. The clause appeared as follows:

> except ¹⁵⁄₁₆ of all mineral rights reserved on Blocks Eight (8) Nine (9) Ten (10) in May Dell Tracts Addition to Oklahoma City, Oklahoma, as the same are shown on the recorded plat thereof.

The *Westcott* Court held the holding in *Echolustee Oil Co. v. Johnston,* supra, was not applicable therein because "apt words" were contained in the exception which reserved or carved out of the conveyance ¹⁵⁄₁₆ of all minerals.

¶ 7  It is presumed the entire fee simple is conveyed in a deed, unless limited expressly. See 16 O.S.1991 § 29.[4]  In the instant case, it is clear the McCalebs intended to make some distinction as to the mineral estate. We must decide whether the McCalebs' use of the words, "Less and except all mineral interests" in the two subject warranty deeds, are also "apt words" of reservation to reserve the minerals in themselves. The phrase chosen by the McCalebs is less descriptive than the language used in the exception in *Westcott v. Bozarth,* supra, and it is therefore more difficult to determine the intent from the deed alone. After the legal description in the deeds in the instant case, we find the following:

> together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same. **Less and except all mineral interests.** [Emphasis supplied.]

■ ¶ 8  We adopt the modern rule. The precise location of the "exception" is not controlling. The controlling factor is the intent of the parties. Here, the phrase: "Less and except all mineral interests", could have been placed after the phrase "and warrant title to the same", because it was intended to modify it. Alternatively, it could have been inserted there because the McCalebs wanted to make clear they intended to sever the minerals from the fee simple title. Giving consideration to this interpretation, we note the language in the respective deeds, "A tract of *land* ..." and "A parcel of *land* ...", followed by the legal description. The word "land" includes not only the surface, but also the minerals found below it. See *Lewis v. Sac and Fox Tribe,* 1994 OK 20, 896 P.2d 503, 515; 60 O.S.1991 § 6; 60 O.S.1991 § 64. Therefore, with the use of the word "land" in the legal description, the entire fee was being conveyed, unless "limited by express words." 16 O.S.1991 § 29. The deeds, therefore, are subject to two possible interpretations, i.e., that the McCalebs reserved the minerals for themselves, limiting the fee simple description by express words, or that they did not

4.  29. Fee simple—Exception
    Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words.

warrant the title to the minerals for reasons known only to them.

 ¶ 9  In construing a conveyance, the court must first ascertain the intent of the parties from the four corners of the instrument itself, giving consideration to each part and viewed in light of the circumstances leading up to its execution, including the subject matter and situation of the parties at the time of the deed's execution. *Messner v. Moorehead,* 1990 OK 17, 787 P.2d 1270, 1273; 15 O.S.1991 § 152.[5]  Interpretation of a conveyance and determining whether it is ambiguous is a matter of law for the court. *Crockett v. McKenzie,* 1994 OK 3, 867 P.2d 463, citing *Messner v. Moorehead,* supra.  When the court determines a deed contains an ambiguity, the court has a duty to resolve it by considering parol and extrinsic evidence, including the parties' admissions and constructions. *Crockett v. McKenzie,* 1994 OK 3, ¶ 5, 867 P.2d at 465.

¶ 10  While we tend to agree with the trial court, summary judgment is proper only where there is no dispute concerning any material facts, and reasonable persons would not reach different conclusions from those facts.  The moving party has the burden of showing there is no substantial controversy as to any material fact.  See *Crockett v. McKenzie,* 1994 OK 3, 867 P.2d 463, citing *Hargrave v. Canadian Valley Elec. Co-op.,* 1990 OK 43, 792 P.2d 50, 55; Rule 13, Rules of the District Court, 12 O.S. Supp.1993, Ch. 2, App. Both parties contend the deeds at issue herein are unambiguous.  PetroCorp contends the deeds unambiguously except the minerals from the warranty of title, and Boswell contends the deeds unambiguously reserve the minerals to the McCalebs. These two entirely different interpretations clearly disclose a disputed issue of material fact, and summary judgment was inappropriate.

¶ 11  The judgment is reversed, and this case is remanded to the trial court for fur-ther proceedings consistent with the views expressed in this opinion.

¶ 12  REVERSED AND REMANDED.

JOPLIN, J., concurs.

BUETTNER, P.J., not participating.

5.  § 152. Intent controls
   A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful.